31210. WINDOM *v.* BISHOP.

DECIDED OCTOBER 22, 1946.

*W. Owen Slate, Charles W. Bergman,* for plaintiff in error.
*S. T. Allen,* contra.

MACINTYRE, J. This is a dispossessory-warrant proceeding, which was duly transferred to the Superior Court of Fulton County in accordance with the Code, § 61-304. A special plea in abatement was there filed by the defendant, on the ground "that prior to the institution of the present dispossessory warrant, plaintiff had caused a similar warrant to be issued through the Civil Court of Fulton County between the same parties and involving the same cause of action;" and that before the commencement of the present action the plaintiff failed to file a pauper's affidavit in the former case and failed to pay the accrued costs in said former case. A trial was had upon the special plea in abatement, and after the introduction of evidence and argument of counsel the trial judge directed a verdict in favor of the special plea in abatement and dismissed the case. The defendant in error moved for a new trial, and the court upon the hearing of the same entered the following judgment, "The motion for new trial is hereby granted and a new trial is ordered." The plaintiff in error excepts to this judgment.

The brief of evidence on the trial of the special plea discloses that the defendant in error had paid $4 as costs in the first proceeding, and the plaintiff in error claimed that such costs were $6.50, and hence $2.50 of the costs had not been paid. There were

only two witnesses in the case and they were put up by the plaintiff in error. The first was the Clerk of the Civil Court of Fulton County. He testified in part that "independently of the record I would not know what the cost is." After referring to the entries in the record relative to the costs, upon being examined by the court, he testified: "There has been a fee bill. I am satisfied we have got it, judge; if I had known about this case I might have found some law, and got some figures too, I don't know." W. B. Honea, Deputy Clerk of the Civil Court of Fulton County, testified upon examination by the court in part as follows: "That is according to the practices over a period of years, and there is a fee bill, I mean a cost bill; it has been gotten up, just where [we] can put our hands on it right now I don't know, but it runs just along those very things, the items there. No, I would not know where it is at, but I have seen the cost bill. . . Yes sir, to the very best of my knowledge that is exactly the costs that have been charged since I have had charge of the dispossessory docket—provided by law, so far as I know, yes, sir."

The only evidence in the case was that of the clerk and his deputy, and we do not think that this evidence demanded a finding that the entire costs in question had not been paid. No one testified absolutely and unequivocally as to what the true cost bill was in such a case, and no statute was called to the attention of the court fixing what the cost in the case in question was. The judge, by his examination of the witnesses, was evidently trying to bring out what was the correct cost bill in the case in question. However, upon consideration of the whole evidence, we do not think that it was such as to demand a finding as to what was the correct cost in question and that the entire costs had not been paid. Applying the rule stated in *Macon Consolidated Street R. Co. v. Jones,* 116 *Ga.* 351 (42 S. E. 468), that, "unless the verdict rendered was absolutely demanded by the evidence—which does not appear in this case—this court will not undertake to decide whether or not the trial judge abused his discretion in granting a first new trial," we do not think that we should disturb the first grant of a new trial in this case.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*